VAN ALLSBURG *v.* LOAN & DEPOSIT STATE BANK.

BANKS AND BANKING—CONVERSION OF DEFAULTED BONDS PAYABLE
TO BEARER.

   Deposit of defaulted bearer bonds by bank with bondholders'
   committee for mortgage foreclosure purposes in good faith but
   knowing they belonged to plaintiff is a devotion to an un-
   authorized use and renders bank liable for conversion.

Appeal from Eaton; McPeek (Russell R.), J.
Submitted April 13, 1934. (Docket No. 107, Cal-
endar No. 37,775.) Decided June 4, 1934.

Case by Etta Van Allsburg against Loan & De-
posit State Bank for conversion of bonds payable
to bearer. Judgment for plaintiff. Defendant ap-
peals. Affirmed.

*Dean S. Face,* for plaintiff.

*Walter R. McLean* (*Richard I. Lawson,* of coun-
sel), for defendant.

WIEST, J. This is an appeal by defendant from a
judgment in favor of plaintiff for the conversion of
certain first mortgage serial gold bonds of the Tuller
Hotel Company.

Plaintiff's brother, in 1926, while vice-president
of defendant bank, purchased the bonds from the
bank in behalf of plaintiff. The bonds were payable
to bearer and were kept by plaintiff for a time in a
bank in Coopersville. In 1929, the bonds were in
default for nonpayment of interest and plaintiff de-
livered them to her brother to take care of. The
brother delivered the bonds to the cashier of de-

fendant bank, who knew they belonged to plaintiff, and he forwarded them, along with like bonds held by the bank, to the Detroit Trust Company, which sent three payments of interest thereon, and then the bonds were deposited with a bondholders' committee for mortgage foreclosure purposes, and a certificate sent to plaintiff, which she returned.

Plaintiff did not, expressly or impliedly, authorize such deposit of her bonds, and demanded return thereof by defendant. The bonds had been placed beyond the power of defendant to make return thereof, and this suit for conversion followed.

The situation is disclosed in a letter, written by the cashier of defendant bank to plaintiff and dated October 5, 1932:

"When these bonds, and other bonds owned by customers and placed in safekeeping here, went into default, it was our custom to direct the Detroit Trust Company to deposit them in all cases. In your case, as with others, if we had not done that, your bonds would be left out of the benefits derived from the foreclosure. As custodians of the bonds you would have criticized us if we had not looked after your interest in this matter as we did with other customers. But there is the further fact. Namely, that it is only by united action of bondholders through a committee that any action can be taken to protect their interest. In this case immediate action was necessary. That is the reason your bonds were deposited.

"Now the question is what you want done about it and if we have convinced you that this action was the proper one. We know that if you had been consulted at the time you would have ordered the deposit made. We know that we should have done as we did do. But we cannot show any instructions from you in regard to it. Owning bonds in this

issue and depositing ours and leaving yours out, when you had bought some of them from us, would look very bad, since you had left them with us. We will await your further report."

Defendant, in depositing the bonds with the bond-holders' committee, devoted them to an unauthorized use, with full knowledge that they belonged to plaintiff, but acted in good faith, believing it for the best interest of plaintiff to do so.

Want of authority in the premises, and not action considered for the best interest of plaintiff, determines defendant's liability.

The market value of the bonds at the time of demand and failure to return them was shown.

Judgment is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.